OPINION
{¶ 1} In this case, Michael Cruea appeals from his conviction on a single count of rape. Following a jury trial, Cruea was acquitted of one count of rape and was found guilty of a second count. Cruea was sentenced to seven years in prison and was also designated an aggravated sexually oriented offender. The rape charges involved Cruea's stepdaughter, who was less than thirteen years of age at the time of the alleged crimes.
 {¶ 2} In support of his appeal, Cruea raises the following assignments of error:
 {¶ 3} "I. The Appellant is entitled to a reversal of his conviction because he was not brought to trial within the time permitted by Ohio Revised Code Section 2945.71 et. seq.
 {¶ 4} "II. The Appellant's right to a speedy trial under the Sixth
Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution have (sic) been violated.
 {¶ 5} "III. The Appellant was denied his right to effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution.
 {¶ 6} "IV. The verdict is against the manifest weight of the evidence thereby denying the Appellant his right to due process."
 {¶ 7} We find the assignments of error without merit and will affirm the judgment of the trial court. A discussion of our reasoning follows.
 I {¶ 8} In the first assignment of error, Cruea contends that he was not brought to trial within the time permitted by R.C. 2945.71(C), which provides that persons charged with felonies shall be brought to trial within two hundred seventy days after their arrest. For purposes of the statute, each day an accused is held in jail in lieu of bail on the pending charge is counted as three days. R.C. 2945.71(E).
 {¶ 9} Cruea was arrested on June 9, 2004, and trial began on September 14, 2004, which was slightly more than ninety days. However, the trial court tolled the time from the arraignment on July 21, 2004, until the pretrial on August 2, 2004, and held that there was no violation of the speedy trial statute. Cruea claims tolling was inappropriate because he did not request a pretrial; rather, the pretrial was automatically scheduled by the arraignment judge, per standard procedure in Miami County.
 {¶ 10} While requests for pretrial conferences do not automatically extend the statutory time requirements in R.C. 2945.71, the time between a request and pretrial conference will be tolled where the record shows that the pretrial was granted at the defendant's own request and there is nothing facially unreasonable about the time taken to provide the pretrial. State v. Gowe (1983), 13 Ohio App.3d 358, 359, 469 N.E.2d 909;State v. Parker (Oct. 17, 1985), Clark App. No. 1968, 1985 WL 6947, *2; and State v. Wirtanen (1996), 110 Ohio App.3d 604, 608-609,674 N.E.2d 1245.
 {¶ 11} Although Cruea claims that Miami County has a standard procedure of scheduling pretrials, there is no evidence in the record to that effect, However, even if pretrial conferences were routinely scheduled, the transcript of Cruea's arraignment indicates that his attorney asked the court to schedule a pretrial conference. Specifically, the attorney said that: "We would ask the Court to enter pleas of not guilty on behalf of Mr. Cruea, ask the Court to schedule a pre-trial, and ask to be heard on bond."
 {¶ 12} Furthermore, the time between arraignment and pretrial was only two weeks, and was not facially unreasonable. The allotted time was actually quite short. Accordingly, the time between the arraignment and pretrial is properly charged to Cruea, not to the State. Because Cruea was brought to trial within the time specified in R.C. 2945.71(C), the first assignment of error is without merit and is overruled.
 II {¶ 13} In the second assignment of error, Cruea claims his right to a speedy trial under the Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution has been violated. Cruea's specific complaint in this context is that the delay caused the victim to have trouble recalling her conversation with City of Piqua police officers.
 {¶ 14} In Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101, the United States Supreme Court established a balancing test for deciding if a particular defendant's speedy trial rights have been violated. The four factors in the test include: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. at 530. According to the court, prejudice:
 {¶ 15} "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. * * * Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past." Id. at 532.
 {¶ 16} We have already concluded that the length of the delay was reasonable. The reason for the delay was also appropriate and was at Cruea's request. Even if these items were not fatal to Cruea's constitutional challenge, our review of the record shows no prejudice. The case was tried in just a bit over three months after the last alleged sexual conduct occurred. In no sense could this be called the "distant past."
 {¶ 17} At the time of trial, the victim was twelve years old. She did not recall the specific dates upon which she was molested, but did testify that the sexual contact had been going on for about two years. Notably, one would not expect children to take notice of specific dates and times. Furthermore, the victim did testify in detail about what had happened on various occasions over the two-year period. And finally, Cruea admitted to the police that he had sexual contact with the victim. Although he attempted to blame the victim for his conduct, he did admit both digital and oral penetration. In view of this evidence, we simply cannot see how Cruea might have been prejudiced by the very short delay that occurred.
 {¶ 18} Based on the preceding discussion, the second assignment of error is without merit and is overruled.
 III {¶ 19} The third assignment of error alleges ineffective assistance of trial counsel, based on several points. First, Cruea claims that he filed a pro se motion for discharge on speedy trial grounds without the assistance of his counsel. Cruea additionally contends that his trial attorney failed to keep him informed of important information about his case, and failed to respond to the State's discovery request.
 {¶ 20} In State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, the Ohio Supreme Court stated that:
 {¶ 21} "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. * * *
 {¶ 22} "* * * To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." 42 Ohio St.3d at 137, paragraphs two and three of the syllabus, following State v. Lytle
(1976), 48 Ohio St.2d 391, 358 N.E.2d 623, and Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 23} We see no evidence that trial counsel's performance fell below an objective standard of reasonable representation. Although Cruea did file a pro se motion for discharge, the motion had no arguable merit. There is also no indication on the record that trial counsel failed to inform his client of important matters. Cruea did complain about his attorney at the beginning of trial, but the trial judge concluded that Cruea had not shown any damage to the attorney-client relationship that made it impossible to try the case. We agree. In this regard, Cruea claimed he was being "railroaded" and judged with prejudice from the beginning, but the record shows no evidence of that fact. Cruea's attorney did the best he could with a difficult situation, i.e., one in which his client had admitted to the police that he had digitally and orally penetrated the victim, and had attempted to blame a young child for his own actions.
 {¶ 24} Because trial counsel's performance was not deficient, the third assignment of error is without merit and is overruled.
 IV {¶ 25} In the fourth assignment of error, Cruea contends that his conviction was against the manifest weight of the evidence. The standard of review in such situations is that:
 {¶ 26} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541, quoting from State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717.
 {¶ 27} After reviewing the record, we find no indication that the jury lost its way and created a manifest miscarriage of justice. The State presented evidence from the victim, from the victim's mother (who caught Cruea in the victim's bedroom late at night, touching her), and from two police officers. As we indicated, Cruea admitted to one officer that he had sexual contact with the victim. Cruea also did not present any evidence at trial.
 {¶ 28} Cruea was charged in Count One with rape based on sexual conduct with a person under the age of thirteen between June 3 and June 7, 2004, and in Count Two with rape based on sexual conduct with a person under the age of thirteen between June, 2002, and June, 2004. The jury acquitted Cruea on the first count, and convicted him on the second count.
 {¶ 29} In reviewing the facts, we note that the police were called on June 7, 2004, after Mrs. Cruea found her husband in her daughter's bedroom around 12:30 a.m. The daughter's pants were pulled down and Mr. Cruea was seen touching her bottom. At the time, the daughter was asleep. In closing argument, the prosecutor indicated that the indictment did not accuse the defendant of molesting the victim on June 7, 2004, because no one knew what had happened that night. The prosecutor then told the jury that Count One was based on the victim's testimony that Cruea had digitally penetrated her within a few days of the June 7, 2004 incident. The prosecutor further indicated that Count Two was based on the whole two-year period from 2002 to 2004, during which numerous instances of oral and digital penetration had occurred.
 {¶ 30} In both counts, Cruea was charged with violating R.C.2907.02(A)(1)(b), which states that:
 {¶ 31} "No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 {¶ 32} "* * *
 {¶ 33} "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
 {¶ 34} "Sexual conduct" is defined as:
 {¶ 35} "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A).
 {¶ 36} The prosecutor was correct that the events of June 7, 2004, did not constitute "sexual conduct," because there was no evidence of digital or oral penetration. There was evidence of sexual conduct before June 7, 2004. In this regard, the victim testified at first that she did not know when the defendant had last touched her before June 7, 2004. The victim then gave time frames ranging from the day before June 7, to the week or weekend before June 7, and could not recall specific dates. In view of these facts, the jury may have reasonably concluded that the State failed to prove sexual conduct between the particular dates of June 3 and June 7, 2004.
 {¶ 37} The victim did testify in detail about numerous other digital and oral penetrations during the past two years, and Cruea also admitted to the police that he had such contact with the victim. Therefore, the jury could have reasonably found Cruea guilty of the offense specified in Count Two. In fact, the evidence of his guilt on Count Two was overwhelming. Accordingly, the fourth assignment of error is without merit and is overruled.
 {¶ 38} In light of the preceding discussion, the first, second, third, and fourth assignments of error are overruled, and the judgment of the trial court is affirmed.
Grady, J., and Donovan, J., concur.