OPINION
{¶ 1} Gregory Barger entered a plea of no contest to attempted robbery, a third degree felony, which had been reduced from the indicted charge of robbery, a second degree felony. The court found Barger guilty and — after receiving a presentence *Page 2 
investigation report — sentenced Barger to one year in prison.
 {¶ 2} On appeal, Barger advances two assignments of error.
 {¶ 3} "1. THE TRIAL COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE WHEN IT OVERRULED HIS MOTION TO DISMISS FOR VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL AS DICTATED BY THE SIXTH AMENDMENT [TO] THE U.S. CONSTITUTION, ARTICLE I, § 10 OF THE OHIO STATE CONSTITUTION, AND R.C. § 2945.71."
 {¶ 4} The trial court overruled Barger's motion to dismiss in a comprehensive order that finds support in the record. The essential facts and analysis are as follows.
 {¶ 5} Barger was arrested on December 19, 2005 and released from custody on December 22, resulting in nine days chargeable against the State. R.C. 2945.71(E). On December 29, Barger appeared in the Miami County Municipal Court and requested a continuance to obtain counsel; counsel was appointed February 2, 2006. The State was chargeable with seven days (December 22-29) and speedy trial time was tolled from December 29 through February 2 per R.C. 2945.72(C). On September 13, Barger was indicted, and he was arraigned on the indictment on September 29, at which time he requested a pretrial conference, which was then scheduled for October 6. The State was chargeable with 239 days between February 2 and September 29. Because Barger requested a pretrial conference, time was tolled until October 6. R.C. 2945.72(E); seeState v. Cruea, Miami App. No. 2004-CR-38, 2005-Ohio-4731. On October 16, Barger filed a motion to dismiss for want of a speedy trial, which he conceded tolled his speedy trial time. See Barger's motion to continue trial date filed October 23, 2006. (The trial court reasoned that time was also tolled between October 6 and *Page 3 
October 16 because Barger announced his intention to file a motion to dismiss on speedy trial grounds at the October 6 pretrial conference and at that time October 16 was chosen as the hearing date for the motion. We needn't pass on the correctness of this reasoning because it does not affect our disposition of this assignment.)
 {¶ 6} Based upon our review of the record, not more than 265 days that were chargeable to the State elapsed from the date of Barger's arrest to the date he filed his motion to dismiss. See R.C. 2945.71(C)(2). Accordingly, the motion was properly overruled and the first assignment is overruled.
 {¶ 7} "2. DEFENDANT-APPELLANT'S SENTENCE IS CONTRARY TO LAW."
 {¶ 8} The trial court imposed a minimum sentence of one year from a permissible range of one to five years. Barger claims he shouldn't have been sentenced to prison at all and that his sentence is thus contrary to law.
 {¶ 9} Sentencing in this case occurred on February 5, 2007, almost one year after the Supreme Court's announcement of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1.
 {¶ 10} Those cases make clear that trial courts have full discretion to impose a sentence within the statutory range without the need for findings or reasons for imposing maximum, consecutive, or greater than minimum sentences — Foster at ¶ 100 — although courts must still consider R.C. 2929.11 and R.C. 2929.12 — Mathis at ¶ 38.
 {¶ 11} The trial court expressly considered the recidivism factors and the seriousness factors — R.C. 2929.12 (B-E) — and found three "recidivism likely" factors and no "recidivism unlikely" factors and one "more serious" factor and no "less serious" factors. We have reviewed *Page 4 
the presentence investigation report and conclude that it fully supports these findings. The sentence is in keeping with the purposes of felony sentencing. R.C. 2929.11. In short, we find no abuse of discretion.
 {¶ 12} The second assignment is overruled.
 {¶ 13} The judgment will be affirmed.
 FAIN, J. and GRADY, J., concur. *Page 1