[Cite as *State v. Farley*, 2013-Ohio-5517.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case Nos. CT2013-0026 and<br>CT2013-0029 |
| DONNA FARLEY | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the County Court, Case Nos. CRB 1300218 and CRB 1300091

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    December 16, 2013

APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
PROSECUTING ATTORNEY
27 North Fifth Street, Suite 2
Zanesville, Ohio  43701

For Defendant-Appellant

DONNA FARLEY
7811 Poverty Ridge
Blue Rock, Ohio  43720

*Wise, J.*

**{¶1}** Appellant Donna Farley appeals her conviction and sentence on multiple counts of Dog at Large, entered in the Muskingum County Court following a plea of no contest.

**{¶2}** Appellee is the State of Ohio.

## STATEMENTS OF FACTS AND CASE

**{¶3}** On January 31, 2013, Defendant-Appellant Donna J. Farley was charged with nine (9) counts of Dog at Large, in violation of R.C. §955.22. (*See* CRB 1300091).

**{¶4}** Appellant was arraigned on February 13, 2013, at which time she entered a plea of No Contest, and the case was scheduled for sentencing August 20, 2013.

**{¶5}** Subsequently, on March 13, 2013, Appellant was charged with five (5) new counts of Dog at Large, in violation of R.C. §955.22. (*See* CRB 1300218).

**{¶6}** On April 22, 2013, Appellant appeared for trial. Prior to trial, Appellant engaged in a dialogue with the trial court, arguing that certain Uniform Commercial Code (UCC) resolutions stripped the trial court of jurisdiction over her.

**{¶7}** The trial court treated Appellant's arguments as a motion challenging the court's jurisdiction over her and denied the motion. Appellant then proceeded to enter a plea of No Contest. The trial court found Appellant guilty and sentenced her in both cases to fines and costs on each count.

**{¶8}** Appellant now appeals, setting forth the following Assignment of Error:

## ASSIGNMENT OF ERROR

**{¶9}** "I. APPELLANT'S CONVICTION OF DOG AT LARGE R.C.955.22 (14 COUNTS) WAS IN VIOLATION OF THE NEW, LEGAL, LAWFUL AND UNREBUTTED

UCC FILINGS (UNIFORM COMMERCIAL CODE) THAT HAVE CANCELLED GOVERNMENT CHARTERS."

**I.**

{¶10} In her sole Assignment of Error, Appellant argues that the trial court did not have jurisdiction over her in this matter.  We disagree.

{¶11} In her pro se brief, Appellant maintains that she "never gave her consent to be governed."  Appellant cites to a blank, five-page document captioned "Courtesy Notice" which appears to be the product of "The One People's Public Trust".  Appellant argues that such document provided the trial court with information of "the new legal, lawful and unrebutted landscape ushered in last year with the UCC filings".

{¶12} We note that similar "sovereign citizen" arguments have been raised in various federal court actions by pro se litigants, albeit unsuccessfully. *See, e.g., United States v. Benabe,* 654 F.3d 753, 767 (7th Cir.2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts").

{¶13} Furthermore, "the U.C.C. has no bearing on criminal subject matter jurisdiction." *United States v. Mitchell,* 405 F.Supp.2d 602 (D.Md.2005). *See also Van Hazel v. Luoma,* E.D.Mich. No. 05–CV–73401–DT (Oct. 27, 2005) (noting that other courts have rejected similar jurisdictional claims as frivolous, and holding that "Petitioner cannot divest the State of Michigan of jurisdiction to prosecute him of a criminal offense simply by declaring a security interest in himself pursuant to the Uniform Commercial Code").

**{¶14}** Upon review, we find no legal authority to support Appellant's arguments and find the trial court did not err in dismissing her motion and entering a finding of guilty upon her pleas of no contest.

**{¶15}** For the foregoing reasons, the judgment of the County Court of Muskingum County, Ohio, is affirmed.

By: Wise, J.

Farmer, P. J., and

Delaney, J., concur.

_____
HON. JOHN W. WISE

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

JWW/d 1118

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DONNA FARLEY | : | |
| | : | |
| Defendant-Appellant | : | Case Nos. CT2013-0026 and |
| | : | CT2013-0029 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the County Court of Muskingum County, Ohio, is affirmed.

Costs assessed to Appellant.

_____
HON. JOHN W. WISE

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY