[Cite as *Saint Paris v. Galluzzo*, 2015-Ohio-3385.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| VILLAGE OF SAINT PARIS/STATE OF OHIO | : | |
| | : | |
| | : | Appellate Case No. 2014-CA-29 |
| *Plaintiff-Appellee* | : | |
| | : | Trial Court Case No. 2014-TRD-0797 |
| v. | : | |
| | : | (Criminal Appeal from Municipal Court) |
| MICHAEL A. GALLUZZO | : | |
| | : | |
| *Defendant-Appellant* | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of August, 2015.

. . . . . . . . . . .

JARED CHAMBERLAIN, Atty. Reg. No. 0090785, 419 North Wayne Street, Piqua, Ohio 45356
      Attorney for Plaintiff-Appellee

MICHAEL A. GALLUZZO, P.O. Box 710, Saint Paris, Ohio 43072
      Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** In this case, Defendant-Appellant, Michael Galluzzo appeals pro se from his conviction and sentencing on the following two charges: (1) failure to file an annual application for registration of a motor vehicle and to pay the tax therefor, in violation of R.C. 4503.11(A); and (2) the use of unauthorized license plates, in violation of R.C. 4549.08(A)(2). In support of his appeal, Galluzzo contends that the trial court erred in the following ways: (1) by dismissing his speedy trial motion; (2) by denying his request for dismissal of the charges based on double jeopardy and the allied offenses doctrine; (3) by failing to require the State to place proof of standing and jurisdiction on the record; and (4) by limiting his ability to present exculpatory evidence and matters of law to the jury.

**{¶ 2}** We conclude that the trial court did not commit any error during the proceedings. Accordingly, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

**{¶ 3}** This is the second time that Defendant-Appellant, Michael Galluzzo, has been before this court on charges relating to an expired vehicle registration. Galluzzo was cited in December 2013 for having an expired vehicle registration, and was found guilty of that charge. We affirmed the conviction on July 25, 2014. *See Village of St. Paris v. Galluzzo*, 2d Dist. Champaign No. 2014-CA-4, 2014-Ohio-3260.

**{¶ 4}** In the meantime, on May 13, 2014, David Patrick, an officer with the St. Paris Police Department, came into contact with Galluzzo. At the time, Patrick was operating his cruiser eastbound on West Main Street in St. Paris, Ohio. Patrick observed

a white Cadillac automobile, and had personal knowledge that the vehicle had an expired registration. Patrick knew that other officers had stopped this vehicle for the same violation, and Patrick had also done spot checks on the registration. As a result, Patrick turned his cruiser around and followed the Cadillac. By the time he caught up, the Cadillac was turning into a parking lot. As the driver pulled into a parking place, Patrick observed that the Cadillac had a green validation sticker that stated "10 of 2013." However, based on that date, the sticker should have been yellow, not green. Patrick, therefore, activated his overhead lights and initiated a traffic stop.

{¶ 5} From a distance, it looked as though someone had used a green magic marker to color the sticker. When Patrick advised the driver, Michael Galluzzo, that he was going to be charged with tampering with a sticker, Galluzzo said that it was not marker; instead, plastic had been placed over the sticker. Galluzzo told Patrick that he did that so he would not be harassed by the police.

{¶ 6} Galluzzo had not applied for a new registration because there was a warrant block on his driver's license, which is an impediment to obtaining a new registration. Patrick confirmed through the dispatch center random law enforcement automated database that Galluzzo's registration sticker was expired. The expiration date was October 4, 2013.

{¶ 7} Patrick issued a citation to Galluzzo for failure to file an annual application for registration of a motor vehicle and to pay the tax therefor, in violation of R.C. 4503.11(A), and the use of unauthorized license plates, in violation of R.C. 4549.08(A)(2), both fourth-degree misdemeanors. After a jury trial on August 14, 2014, Galluzzo was found guilty of both charges. The trial court then sentenced him to $150 in costs and 30 days in

jail on the failure to file an application charge, with 30 days suspended. For the use of unauthorized plates, the court sentenced Galluzzo to a fine of $200, plus court costs, and thirty days in jail for using authorized plates, with 28 days suspended. Galluzzo appeals from his conviction and sentence.

## II. Alleged Speedy Trial Violation

{¶ 8} Galluzzo's First Assignment of Error states that:

As a Matter of Law, the "Corporate" Court Committed Plain Error When It Denied the Defendant's Motion for Dismissal after Exceeding the Speedy Trial Limitation Pursuant to Ohio Revised Code 2945.71(B)(1).

{¶ 9} Under this assignment of error, Galluzzo contends that the charges against him should have been dismissed because 93 days elapsed between the date of his citation and the trial. The State has declined to file a brief in this matter.

{¶ 10} With respect to speedy trial, R.C. 2945.71 states, in pertinent part, that:

(B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:

(1) Within forty-five days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days * * *.

* * *

(E) For purposes of computing time under divisions (A), (B), (C)(2),

and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section.

{¶ 11} "When the statutory period for bringing an accused to trial has expired, * * * the state bears the burden of showing that time was properly extended under R.C. 2945.72 or that the accused waived his statutory right to a speedy trial. Extensions of time under R.C. 2945.72 are to be strictly construed against the state. If the state does not comply with the requirements of the speedy-trial statute, the trial court must discharge the defendant upon the defendant's motion." (Citations omitted.) *State v. Stamps*, 127 Ohio App.3d 219, 223, 712 N.E.2d 762 (1st Dist.1998).

{¶ 12} The day of arrest is not counted against the state. *Id.* at 223. As a result, the speedy-trial clock began to run the day after the citation was issued, i.e., on May 14, 2014, and would normally have elapsed on June 27, 2014, absent any periods of delay chargeable to Galluzzo or otherwise excused.

{¶ 13} In *State v. Watson*, 10th Dist. Franklin No. 13AP-148, 2013-Ohio-5603, the Tenth District Court of Appeals stressed that:

There are two important concepts which direct how a court must charge the days when calculating potential speedy trial violations: tolling and waiver. *State v. Gonzalez*, 10th Dist. No. 08AP-716, 2009-Ohio-3236, ¶ 11. "[A] defendant may waive his right to a speedy trial, and those days in which a defendant waives his right would not count toward the state's deadline. Tolling, on the other hand, occurs by operation of R.C. 2945.72 when

certain circumstances occur." *Id.* at ¶ 12. *See State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, ¶ 8 (noting that the "running of the speedy-trial clock may be temporarily stopped, that is, tolled, only for reasons listed in R.C. 2945.72"). Because the tolling of time occurs by operation of the statute, the defendant does not have to agree to the tolling of time. *Gonzalez* at ¶ 12.

*Watson* at ¶ 16.

{¶ 14} As pertinent here, R.C. 2945.72 provides that:

The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

* * *

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

* * *

(H) The period of any continuance granted on the accused's own

motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *.

{¶ 15} In the case before us, eight days elapsed between May 14, 2014 and the date of Galluzzo's arraignment, and that time counts against the State. Galluzzo was then jailed for two days (May 21 and 22), which count for a total of 6 days against the State. Thus, a total of 14 days had elapsed.

{¶ 16} On May 23, 2014, Galluzzo filed a motion for a demurrer, which tolled the time pursuant to R.C. 2945.72(E) while the motion was pending. *State v. Bickerstaff*, 10 Ohio St.3d 62, 67, 461 N.E.2d 892 (1984) (holding that "a motion to dismiss acts to toll the time in which a defendant must be brought to trial. * * * Therefore, the time that elapsed while the motions were pending is not included for purposes of R.C. 2945.71.") *Accord State v. Ellington*, 2d Dist. Montgomery No. 26335, 2015-Ohio-2058, ¶ 13.

{¶ 17} The trial court overruled the motion to dismiss on June 26, 2014. At that time, 31 days of Galluzzo's speedy trial time still remained. However, on June 26, 2014, the trial court also continued the jury trial until July 10, 2014, because witnesses that Galluzzo had subpoenaed had indicated by fax (received that day) that they would not appear and would probably file a motion to quash the subpoenas. These witnesses were John Born, the Director of the Ohio Department of Public Safety and Mike Rankin, the Registrar of the Ohio Bureau of Motor Vehicles.

{¶ 18} At the time of the scheduled trial on June 26, 2014, the trial judge informed Galluzzo that the court could cite the witnesses, and compel them to appear in the future to explain their reasons for not appearing for trial; however, the witnesses were not there for trial that day. The judge asked Galluzzo if he wanted a continuance so that the

witnesses could be compelled to attend. The judge also explained that the next available jury trial date would be July 10, 2014. Galluzzo stated that he wanted a continuance to that date so the witnesses could testify. June 26, 2014 Transcript of Proceedings, pp. 18-19 and 20. Accordingly, the delay from June 26, 2014, to July 10, 2014, is subject to tolling and is not chargeable to the State.

{¶ 19} Thus, on July 10, 2014, 31 days of Galluzzo's speedy trial time still remained. However, on July 10, 2014, the court rescheduled the trial until July 24, 2014, based on Galluzzo's refusal to sign a waiver of his right to counsel and the need to appoint counsel. This date was still well with the 31-day time remaining, which would have expired on August 11, 2011, absent additional tolling.

{¶ 20} The further continuance on July 10, 2014, would have been a period of delay attributable to lack of counsel under R.C. 2945.72(C), and a reasonable continuance granted other than by Galluzzo's own motion under R.C. 2945.72(H). *See, e.g., State v. Watkins*, 2d Dist. Montgomery No. CA 9006, 1985 WL 6956, *2 (Oct. 18, 1985); *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 30 (holding that continuances under R.C. 2945.72(H) must be reasonable).

{¶ 21} In *State v. Ramey*, 2012-Ohio-6187, 986 N.E.2d 462 (2d Dist.), we noted that to satisfy the reasonableness standard, " 'when *sua sponte* granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial.' ". (Emphasis sic.) *Id.* at ¶ 12, quoting *State v. Mincy*, 2 Ohio St.3d 6, 9, 441 N.E.2d 571 (1982). Consistent with this standard, the trial court stated its reasons during a hearing, and also entered its reasons in an entry filed on

July 10, 2014, prior to the expiration of the 45-day time limit. "The reasonableness of a continuance is determined by examining the purpose and length of the continuance." (Citation omitted.) *State v. Gavin*, 2d Dist. Montgomery Nos. 24284, 24285, 2011-Ohio-4665, ¶ 34.

{¶ 22} In the case before us, Galluzzo was not technically required to sign a written wavier of counsel, since his offenses did not involve confinement of more than six months. Specifically, Galluzzo was charged with two fourth-degree misdemeanors, and the maximum penalty would have been thirty days imprisonment for each charge. R.C. 2929.24(A)(4). Thus, instead of signing a written waiver, Galluzzo could have waived counsel on the record in open court. *See State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, paragraph two of the syllabus (holding that a written waiver of counsel is required in cases involving serious offenses that have potential confinement of more than six months). *See also* Crim.R. 2(C)(defining a serious offense as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months"), and Crim.R. 44(C) (stating that "in serious offense cases, the waiver [of counsel] shall be in writing").

{¶ 23} However, under the circumstances of this case, the trial court's decision to diligently and cautiously protect Galluzzo's rights was an appropriate purpose. The time between July 10, 2014 and July 24, 2014 was also a very short period.

{¶ 24} "The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so."

*State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *Id.* at paragraph two of the syllabus.

**{¶ 25}** By July 10, 2014, Galluzzo had already filed repeated pro se motions for "demurrer" and had filed "writs of common law cross claim and counter-claim," all of which showed his lack of understanding of the law. Galluzzo also had filed an unsuccessful petition for a writ of mandamus and prohibition with the court of appeals, in an attempt to prevent the trial court from proceeding with the case. In assuring that Galluzzo had the ability to confer with an attorney before representing himself at a jury trial, the court was acting to protect Galluzzo and to make sure he understood his rights.

**{¶ 26}** In the entry filed on July 10, 2014, the trial court appointed the Ohio Public Defender's Office to represent Galluzzo, and set a trial date for July 24, 2014. Unfortunately, on July 18, 2014, the Ohio Public Defender asked the court to reconsider its ruling, and also declined representation, stating that it lacked sufficient personnel. As a result, on July 23, 2014, the trial court appointed another attorney to represent Galluzzo, and set another trial date of August 14, 2014. Again, the purpose and time period for the brief continuance were reasonable. Consequently, the time period between July 23, 2014, and August 14, 2014, was also tolled for speedy trial purposes.[1]

---

[1]Even if this had been otherwise, Galluzzo filed additional motions tolling the speedy trial time. On July 25, 2014, Galluzzo filed yet another motion to dismiss the matter based on lack of personal jurisdiction. He also included a motion to dismiss based on an alleged speedy trial violation. Motions to dismiss for speedy trial violations toll the speedy trial time. *State v. Barger*, 2d Dist. Miami No. 2007 CA 7, 2008-Ohio-983, ¶ 5. The trial

**{¶ 27}** Based on the preceding discussion, the trial court did not violate R.C. 2945.71.   Accordingly, Galluzzo's First Assignment of Error is overruled.


### III.   Alleged Double Jeopardy/Allied Offenses Violation

**{¶ 28}** Galluzzo's Second Assignment of Error states that:

As a Matter of Law, the "Corporate" Court Committed Plain Error When It Denied the Defendant's Writ of Error Coram Nobis and the Dismissal of Claim Where the Charges Constitute a Violation of the Defendant's Fifth Amendment Right against Double Jeopardy and/or "Allied Offenses of Similar Import" Pursuant to O.R.C. 2941.25.

**{¶ 29}** Under this assignment of error, Galluzzo argues first that he has a constitutionally protected right to travel on the highway and that the State cannot interfere with this right by imposing registration requirements.   We rejected these arguments in a prior case involving Galluzzo, and need not address them further.   *See Galluzzo*, 2d Dist. Champaign No. 2014-CA-4, 2014-Ohio-3260, at ¶ 13-17.

---

court overruled this motion on July 28, 2014, meaning that the State would not be charged for three additional days.   Galluzzo then filed another motion on August 1, 2014, asking the trial court for findings of fact and conclusions of law regarding the court's July 28, 2014 decision.   This would have constituted another tolling event.   *See City of Bryan v. Knapp*, 21 Ohio St.3d 64, 65, 488 N.E.2d 142 (1986) (stating that "[a] trial court must, upon the defendant's request, state essential findings of fact in support of its denial of a motion to discharge for failure to comply with the speedy trial provisions").   The trial court issued an order explaining its reasons on August 11, 2014.   Thus, an additional 10 days were tolled.   Finally, Galluzzo filed a motion to strike the State's motion in limine on August 5, 2014, and again raised the issue of the trial court's jurisdiction.   Under the circumstances, this would have been a further tolling event.   The court did not overrule this motion until the day of trial, on August 14, 2014.   As a result, even if we had assumed the trial court acted unreasonably in continuing the trial to appoint counsel, the trial was held within speedy trial limits, due to the additional tolling.   However, for the reasons stated in the main text, the court's action was reasonable.

{¶ 30} Galluzzo also argues that his conviction violates the Double Jeopardy Clause and the allied offenses doctrine because he was previously convicted of driving with expired tags on December 22, 2013.

{¶ 31} "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect criminal defendants against multiple prosecutions for the same offense." *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 14. In Ohio, R.C. 2941.25 "incorporates the constitutional protections against double jeopardy. These protections generally forbid successive prosecutions and multiple punishments for the same offense." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 7.

{¶ 32} In *State v. Barnett*, 124 Ohio App.3d 746, 707 N.E.2d 564 (2d Dist.1998), we rejected a contention that a defendant's prosecution for similar acts violated either principles of double jeopardy or the allied offenses doctrine. The defendant in *Barnett* had entered into a plea bargain in Warren County regarding sexual imposition charges against his stepdaughter, during which the State agreed that no further charges would be brought against him. *Id.* at 747. Subsequently, he was indicted in Montgomery County on charges related to the same stepdaughter. *Id.* at 748. After the trial court dismissed the charges, the State appealed. We concluded that the trial court erred in dismissing the charges, because the defendant had committed the illegal acts in different counties on different days. In this regard, we stated that the defendant's "actions in Warren County and Montgomery County do not constitute allied offenses of similar import, and we perceive no double jeopardy implications arising from his prosecution in both counties. The two prosecutions involved different acts of gross sexual imposition

allegedly committed in different counties on different days."   *Id.* at 750.

**{¶ 33}** The same reasoning applies here.   Galluzzo committed the offenses on different days, and nothing suggests that he cannot properly be prosecuted for both offenses.   Accordingly, the Second Assignment of Error is overruled.

## IV.   Alleged Error Regarding Standing

**{¶ 34}** Galluzzo's Third Assignment of Error states that:

> As a Matter of Law, the "Corporate" Court Committed Plain Error When It Denied the Defendant's Constitutional Demurrer and Failed to Require the Plaintiff to Place on the Record Proof of Standing and Jurisdiction.

**{¶ 35}** Under this assignment of error, Galluzzo contends that the trial court erred in denying his motion for a "demurrer," and by failing to require that the State establish various indicia of jurisdiction that would give the State standing to proceed.   Galluzzo also contends that he did not "contract" with the court, and that statutes pertaining to registration do not apply to him because he is a "sovereign."

**{¶ 36}** We have twice previously rejected Galluzzo's arguments about the existence of demurrer in traffic cases.   See *Galluzzo*, 2d Dist. Champaign No. 2014-CA-4, 2014-Ohio-3260, at ¶ 9-10 (*Galluzzo I*), and *Dayton v. Galluzzo*, 2d Dist. Montgomery No. 25913, 2014-Ohio-4854, ¶ 5-6 (*Galluzzo II*) (both holding that demurrers "have been abolished in traffic cases).

**{¶ 37}** In the prior opinions, we also rejected Galluzzo's argument that the municipal courts in those cases lacked subject matter jurisdiction and also lacked

personal jurisdiction over natural or sovereign persons.   *Galluzzo I* at ¶ 11-12; *Galluzzo II* at ¶ 7-9.   In *Galluzzo I*, we noted that:

> "Generally, all Ohio courts have jurisdiction over violations of Ohio law occurring in Ohio. See R.C. 2901.11(A).   More to the point, municipal courts have jurisdiction over misdemeanor offenses."
>
> * * *
>
> R.C.1901.02  confers  jurisdiction  upon  the  Champaign  County Municipal Court for misdemeanors occurring within its territorial boundaries. Galluzzo  failed  to  refute  evidence  that  the  offense  with  which  he  was charged occurred in the Village of St. Paris, nor did he refute the evidence that the Village is located within Champaign County.   Thus, the Champaign County Municipal Court has subject-matter jurisdiction over the violation of the ordinance of the Village of St. Paris.   We conclude that the trial court properly exercised jurisdiction over the appellant and the case at bar.

*Galluzzo I* at ¶ 11-12, quoting *City of Mount Vernon v. Young*, 5th Dist. Knox No. 2005CA45, 2006-Ohio-3319, ¶ 55.

{¶ 38} The same observations apply to the case before us, and the trial court, therefore, had subject matter jurisdiction over the matter and over Galluzzo's person. Accordingly, Galluzzo's Third Assignment of Error is overruled.

### V.   Alleged Error in Allowing Evidence

{¶ 39} Galluzzo's Fourth Assignment of Error states as follows:

> As a Matter of Law, the "Corporate" Court Committed Plain Error

When It Limited the Defendant's Ability to Present Exculpatory Evidence and Matters of Law for the Jury to Decide. Defendant request [sic] a "Trial by Jury" in Common Law [sic] Objected to the "Jury Trial."

{¶ 40} Under this assignment of error, Galluzzo contends that the trial court erred in refusing to let him present legal theories about his status as a sovereign to the jury. During his trial testimony, Galluzzo attempted at various points to discuss court cases or law with the jury, but the trial court prevented him from doing so. In this regard, the court commented that the jury is the trier of fact, and the court is the trier of law. *See, e.g.*, August 14, 2014 Transcript of Proceedings, p. 65. According to Galluzzo, this was error, because juries have the right to decide both facts and law. We disagree.

{¶ 41} The Supreme Court of Ohio has stressed that "it is a fundamental tenet of jury trial procedure that the judge decides questions of law, and the jury, as factfinder, then decides questions of fact." *Gallagher v. Cleveland Browns Football Co.*, 74 Ohio St.3d 427, 436, 659 N.E.2d 1232 (1996). In addition, the law is well-settled that "a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." *State v. Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640 (1990), syllabus, construing Crim.R. 30(A).

{¶ 42} In contrast, " 'the function of an opening statement by counsel in a jury trial is to inform the jury in a concise and orderly way of the nature of the case and the questions involved, and to outline the facts intended to be proved.' " *State v. Curry*, 2d Dist. Greene No. 2012-CA-50, 2014-Ohio-3836, ¶ 48, quoting *Maggio v. City of Cleveland*, 151 Ohio St. 136, 84 N.E.2d 912 (1949), paragraph one of the syllabus.

Furthermore, "counsel is accorded wide latitude in opening statement subject to the restriction that it is impermissible to comment on incompetent, inadmissible or improper evidence which is patently harmful." *Dillon v. Bundy*, 72 Ohio App.3d 767, 772, 596 N.E.2d 500 (10th Dist.1991), citing *Maggio* at paragraph two of the syllabus.

{¶ 43} Similarly, "[p]rosecutors and defense counsel are afforded a wide degree of latitude during closing arguments to address what the evidence has shown and what reasonable inferences may be drawn from that evidence." *State v. Thompson*, 2d Dist. Montgomery No. 23581, 2010-Ohio-4535, ¶ 46, citing *State v. Black*, 181 Ohio App.3d 821, 2009-Ohio-1629, 911 N.E.2d 309, ¶ 33 (2d Dist.). (Other citation omitted.)

{¶ 44} Consistent with all these principles, the trial court properly reserved for itself decisions on the legal instructions that should be given to the jury, but gave Galluzzo considerable latitude to discuss legal theories during his opening statement and closing argument. *See* August 14, 2014 Transcript of Proceedings, pp. 36-39 and 77-79.

{¶ 45} The court properly did not let Galluzzo discuss legal theories during his testimony – and these theories were irrelevant, anyway. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir.2011) (noting that the Seventh Circuit Court of Appeals had "repeatedly rejected * * * theories of individual sovereignty, immunity from prosecution, and their ilk. *See United States v. Burke*, 425 F.3d 400, 408 (7th Cir.2005); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993) (rejecting the 'shop worn' argument that a defendant is a sovereign and is beyond the jurisdiction bounds of the district court); *United States v. Sloan*, 939 F.2d 499, 500-01 (7th Cir.1991); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir.1990) (describing defendant's proposed 'sovereign citizen' defense as having 'no conceivable validity in American law'); *United*

*States v. Phillips*, 326 Fed.Appx. 400 (7th Cir.2009) (dismissing jurisdiction arguments as frivolous because federal courts have subject matter and personal jurisdiction over defendants brought before them on federal indictments alleging violations of federal law.")

**{¶ 46}** In *Benabe*, the court of appeals also stressed that:

Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.

*Benabe* at 767.

**{¶ 47}** We agree with these observations. We have previously described an argument made on these grounds as "wholly frivolous." *State v. Few*, 2d Dist. Montgomery No. 25969, 2015-Ohio-2292, ¶ 6. Other courts in Ohio have also characterized such arguments as frivolous. *See State v. Thigpen*, 8th Dist. Cuyahoga No. 99841, 2014-Ohio-207, ¶ 39; *State v. Farley*, 5th Dist. Muskingum Nos. CT2013-0026, CT2013-0029, 2013-Ohio-5517, ¶ 13; and *State v. Gunnell*, 10th Dist. Franklin No. 13AP-90, 2013-Ohio-3928, ¶ 6.

**{¶ 48}** Accordingly, the trial court did not err in refusing to allow Galluzzo to present evidence about his status as a sovereign and other associated legal theories. Galluzzo's Fourth Assignment of Error, therefore, is overruled.


VI. Conclusion

**{¶ 49}** All of Galluzzo's assignments of error having been overruled, the judgment

of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, J., concurs.

DONOVAN, J., concurs in judgment only.

Copies mailed to:

Jared Chamberlain
Michael A. Galluzzo
Hon. Gil S. Weithman