[Cite as *State v. Johnson*, 2016-Ohio-5904.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 16AP-134 |
| v. | : | (M.C. No. 2013 TRC 161823) |
| Roger C. Johnson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 20, 2016

**On brief:** *Mularski, Bonham, Dittmer & Phillips, LLC*, and *David M. Kennedy*, for appellee.

**On brief:** *Roger C. Johnson*, pro se.

APPEAL from the Franklin County Municipal Court

SADLER, J.

{¶ 1} Defendant-appellant, Roger C. Johnson, appeals from a judgment of the Franklin County Municipal Court convicting him of operating a motor vehicle under the influence of alcohol ("OVI"), in violation of R.C. 4511.19(A)(1)(a). For the reasons that follow, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On July 21, 2013, Garrett L. Fernander, a police officer with the city of New Albany, cited appellant for the following offenses: failure to keep within marked lanes, in violation of R.C. 4511.33, operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a), and operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(d). The officer served appellant with a copy of

the uniform traffic ticket which contained a summons for appellant to appear in the Franklin County Municipal Court on July 26, 2013, for purposes of arraignment.

{¶ 3}   Appellant did not appear in the trial court on July 26, 2013.   Rather, appellant filed a pro se "motion of demur" seeking dismissal of the charges and a "declaration" in which he lays claim to the appellation "Roger Carlton., Johnson." (Declaration at 2.)  The trial court issued a warrant for appellant's arrest on July 26, 2013.

{¶ 4}   On August 13, 2013, appellant filed a pro se "motion to enter plea and offer," wherein he offered to enter a plea of "no contest" to the charges against him and tendered payment of a fine and court costs.  The trial court rejected appellant's attempt to plead and returned his payment.  The trial court subsequently served appellant with a notice that his motion of demur had been scheduled for an oral hearing on August 28, 2013. When appellant did not appear at the hearing, the trial court issued a second warrant for appellant's arrest.  On September 5, 2013, appellant filed a pro se motion to dismiss the charges against him alleging that the "property sought to be claimed by Plaintiff" exceeded the monetary jurisdiction of the municipal court.  (Mot. to Dismiss at 1.)

{¶ 5}   On or about September 3, 2014, appellant was arrested on the outstanding warrant, but he was subsequently released on bond.  The trial court scheduled a hearing on appellant's pending motions for September 30, 2014.  The record reveals that on September 30, 2014, appellant appeared in the trial court for the motions hearing and that the hearing was continued to October 27, 2014.  As a result of the October 27, 2014 hearing, the trial court denied appellant's pending motions.  Appellant did not attend the hearing.  The trial court entered a plea of not guilty on appellant's behalf as well as a demand for jury trial.

{¶ 6}   Appellant filed a second motion seeking dismissal of the charges on November 14, 2014, alleging a violation of his statutory speedy trial rights.  As a result of a pretrial conference held on November 21, 2014, the trial court scheduled a jury trial for December 11, 2014.  As a result of a proceeding held on December 11, 2014, the trial court issued a judgment entry on December 22, 2014, denying appellant's November 14, 2014 motion to dismiss.  The trial court rescheduled the jury trial for January 12, 2015.  On January 12, 2015, appellant failed to appear for trial, and the trial court issued a third warrant for appellant's arrest.  On that same date, appellant filed a notice of appeal to this

court from the December 22, 2014 judgment of the trial court. Plaintiff-appellee, State of Ohio, moved to dismiss the appeal on May 1, 2015 for lack of a final, appealable order. On May 6, 2015, this court sua sponte dismissed appellant's appeal for failure to prosecute.

{¶ 7} On December 31, 2015, appellant was arrested on the outstanding warrant. Appellant posted bond, and he was released. Appellant appeared for a pretrial conference on January 22, 2016, whereupon appellant entered a plea of guilty to OVI in violation of R.C. 4511.19(A)(1)(a). Pursuant to a plea agreement, the city of New Albany dismissed the remaining charges. The trial court convicted appellant of OVI and sentenced him to seven days in jail, with four days of jail-time credit, a $375 fine, and a 180-day license suspension.[1]

{¶ 8} Appellant timely appealed to this court from his conviction and sentence.

## II. ASSIGNMENT OF ERROR

{¶ 9} Appellant assigns the following error:

> The lower court never had jurisdiction to adjudicate this matter.

## III. LEGAL ANALYSIS

{¶ 10} Appellant makes two arguments in support of his assignment of error. First, appellant argues that his conviction must be reversed because the trial court did not have jurisdiction over the subject matter or of his person. Appellant argues alternatively that even if the trial court had jurisdiction, his conviction must be reversed due to a violation of his statutory speedy trial rights.

### A. Subject Matter Jurisdiction

{¶ 11} "Ohio municipal courts 'are created by statute, R.C. 1901.01, and their subject-matter jurisdiction is also set by statute.' " *State v. Gunnell*, 10th Dist. No 13AP-90, 2013-Ohio-3928, ¶ 8, quoting *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 11. Pursuant to R.C. 1901.20(A)(1), "[a]n Ohio Municipal Court 'has jurisdiction over misdemeanors occurring within its territorial jurisdiction.' " *Id.*, citing *Mbodji* at ¶ 11. Thus, the Franklin County Municipal Court has subject-matter jurisdiction of "any

---

[1] The effective date of the license suspension was July 21, 2013 to January 16, 2014.

misdemeanor committed within the limits of its territory." *State v. Tate*, 10th Dist. No. 98AP-759 (Apr. 20, 1999).

{¶ 12} "Traf.R. 3(A) provides that 'in traffic cases, the complaint and summons shall be the "Ohio Uniform Traffic Ticket." ' " *Tate.* Each of the charges contained in the traffic ticket issued to appellant on July 21, 2013 is a misdemeanor offense. Furthermore, there is no dispute that the city of New Albany is within the territorial limit of Franklin County, Ohio. Under Ohio law, "[t]he filing of a complaint invokes the jurisdiction of a municipal court." *Gunnell* at ¶ 8, citing *Mbodji* at ¶ 12. Accordingly, the traffic ticket issued to appellant and filed in the trial court invoked the trial court's subject-matter jurisdiction over appellant's offense.

### B. Personal Jurisdiction

{¶ 13} Appellant also argues that the trial court lacked jurisdiction over his person because he does not live within the city of New Albany, and he has no connection with the city. Appellant, however, did not raise the alleged lack of personal jurisdiction until after he entered his guilty plea. Under Ohio law, "[a] defendant in a traffic case must raise any defenses or objections based on defects in the institution of the proceedings before the entry of a plea." *Columbus v. Ford*, 10th Dist. No. 04AP-260, 2004-Ohio-5715, ¶ 7, citing Traf.R. 11(B). *See also Gunnell* at ¶ 10. Thus, "a defendant waives any objections to the trial court's exercise of personal jurisdiction by failing to assert such objections at the time the defendant appears in the trial court and enters a not guilty plea." *Ford* at ¶ 7. Though appellant filed several motions in the trial court, he did not allege that the trial court lacked jurisdiction of his person. Thus, appellant waived his right to challenge the trial court's jurisdiction of his person for purposes of appeal. *Id.*

{¶ 14} Moreover, as previously noted, Traf.R. 3(A) provides that the "Ohio Uniform Traffic Ticket" shall serve as both the "complaint and summons" in traffic cases. Here, appellant's signature on the traffic ticket establishes that Fernander properly served appellant with the complaint and summons in this matter. Thus, the trial court had personal jurisdiction over appellant, notwithstanding appellant's residency and his alleged lack of a connection to the city of New Albany. *Tate. See also State v. Mathews*, 2d Dist. No. 2015-CA-73, 2016-Ohio-5055, ¶ 6 (where the uniform traffic ticket filed in the municipal court alleges that the accused committed a misdemeanor within the

territorial limits of the municipality, the municipal court has jurisdiction over the accused notwithstanding the accused's lack of consent or the absence of a contractual relationship with the municipality); *State v. Yoder,* 6th Dist. No. F-94-020 (June 7, 1995) ("Since appellant was properly served two traffic citations and summons for misdemeanor offenses, we find that the Fulton County Western District Court, has jurisdiction over the person of appellant."). Accordingly, we find that the trial court had jurisdiction of appellant's person in this case.

### C. Speedy Trial

{¶ 15} Appellant argues that because he was not brought to trial within 90 days of his July 21, 2013 arrest, the city violated his speedy trial rights. R.C. 2945.71(B) provides, in relevant part, as follows:

> [A] person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
>
> * * *
>
> (2) *Within ninety days after the person's arrest or the service of summons*, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.

(Emphasis added.)

{¶ 16} Appellant was not brought to trial within 90 calendar days following the issuance of the traffic ticket. Appellee argues, however, that the 90-day period was tolled, pursuant to R.C. 2945.72, by appellant's conduct in failing to appear for arraignment, filing numerous motions to dismiss, failing to appear at hearings, and pursuing an appeal.

{¶ 17} R.C. 2945.72 provides, in relevant part, that "[t]he time within which an accused must be brought to trial, * * * may be extended * * * by the following: * * * (D) Any period of delay occasioned by the neglect or improper act of the accused; (E) Any period of delay necessitated by reason of a * * * motion * * * made by the accused." The record contains support for appellee's tolling argument given appellant's failure to appear for arraignment and for hearings, his numerous motions, and his unsuccessful appeal. *See*, *e.g.*, *State v. Bauer*, 61 Ohio St.2d 83, 85 (1980) (a defendant who fails to appear at a

scheduled trial and whose trial must therefore be rescheduled for a later date waives his statutory speedy trial rights for that period of time which elapses from his initial arrest to the date he is subsequently rearrested); *St. Paris v. Galluzzo*, 2d Dist. No. 2014-CA-29, 2015-Ohio-3385, ¶ 26, citing *State v. Barger*, 2d Dist. No. 2007 CA 7, 2008-Ohio-983, ¶ 5 ("Motions to dismiss for speedy trial violations toll the speedy trial time."); *State v. Arden*, 4th Dist. No. 93 CA 567 (Sept. 28, 1994) ("When an accused files a motion, the speedy trial time is tolled until the expiration of all appeals on the motion.").

{¶ 18} Nevertheless, even if we were to conclude that appellee violated appellant's speedy trial rights in this case, as previously noted, appellant entered a plea of guilty to the OVI charge. "Because ' "a guilty plea waives a defendant's right to trial, it also necessarily waives any claim that the defendant was denied a speedy trial." ' " *State v. Jones*, 10th Dist. No. 11AP-1123, 2012-Ohio-3767, ¶ 18, quoting *State v. Robinson*, 10th Dist. No. 01AP-1005(2002), quoting *Limpach v. Lane*, 4th Dist. No. 99CA12 (2000). *See also State v. Kelley*, 57 Ohio St.3d 127 (1991), paragraph one of the syllabus, following *Montpelier v. Greeno*, 25 Ohio St.3d 170 (1986) ("A plea of guilty waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds pursuant to R.C. 2945.71(B)(2)."); *State v. Spates*, 64 Ohio St.3d 269, 272 (1992), quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (" 'a guilty plea represents a break in the chain of events which has preceded it in the criminal process,' " and when defendant admits his guilt in open court, " 'he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea' "); *State v. Roberson*, 5th Dist. No. 2002CA00156, 2002-Ohio-4272, ¶ 12 ("By entering a guilty plea, appellant effectively waived his right to challenge his convictions and sentences on speedy trial grounds."); *State v. Benman*, 10th Dist. No. 03AP-1012, 2004-Ohio-3935, ¶ 14 ("had appellant wanted to preserve his appeal of the speedy trial issue, a plea of no contest would have been the proper course of action"). Because appellant pleaded guilty to OVI, he waived his right to challenge his conviction on speedy trial grounds.

{¶ 19} For the foregoing reasons, appellant's assignment of error is overruled.

## IV. CONCLUSION

{¶ 20} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

BROWN and HORTON, JJ., concur.

_____