OPINION
{¶ 1} Plaintiff-appellant, the City of Columbus, appeals from a judgment of the Franklin County Municipal Court dismissing this criminal proceeding against defendantappellee, Fay Ford. For the following reasons, we affirm that judgment.
 {¶ 2} On November 4, 2003, a Columbus police officer issued a traffic ticket charging appellee with one count of hit and skip in violation of Columbus City Code 2135.13. The ticket was not personally served on appellee. Instead, a copy of the ticket was sent to appellee by certified mail. A certified mail receipt from that mailing was returned with appellee's signature. At her initial appearances before the trial court, appellee requested and received two continuances to consult with an attorney. Subsequently, appellee, through her attorney, requested the dismissal of the charge contending that the trial court lacked personal jurisdiction over appellee because she was not personally served with the traffic ticket. The trial court, over the city's objections, agreed and dismissed the charge against appellee.
 {¶ 3} The city appeals, assigning the following error:
The trial court erred as a matter of law by dismissing the instant case for want of personal jurisdiction where Appellee had repeatedly appeared before the court and received two requested continuances.
 {¶ 4} The city's lone assignment of error contends the trial court erred by dismissing the charge against appellee for lack of personal jurisdiction. A court must have personal jurisdiction over a defendant in order to hear and determine an action.Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156. A trial court's determination of whether personal jurisdiction over a party exists is a question of law, and appellate courts review questions of law under a de novo standard of review. Robinson v.Koch Refining Co. (June 17, 1999), Franklin App. No. 98AP-900. The city first argues that the trial court had personal jurisdiction over appellee because she was properly served with the traffic ticket. We disagree.
 {¶ 5} Ohio Traf.R. 3(A) provides that the Ohio Uniform Traffic Ticket shall serve as both the complaint and summons in traffic cases. State v. Tate (Apr. 20, 1999), Franklin App. No. 98AP-759. Traf.R. 3(E) requires that the law enforcement officer issuing a ticket complete and sign the ticket and serve a copy of the completed ticket upon defendant. The rule does not expressly indicate how a traffic ticket must be served. However, various courts, relying on Akron v. Detweiler (1978), 54 Ohio Misc. 5,6, have determined that the rule requires personal service of a traffic ticket. See State v. Campbell, 150 Ohio App.3d 90,2002-Ohio-6064, at ¶ 18; Oregon v. Fox (Jan. 21, 1983), Lucas App. No. L-82-317; see, also, Tate, supra (finding proper service of traffic ticket when defendant's signature on the ticket, indicating requirement of personal service of the ticket). Because the face of the traffic ticket itself includes a signature line for the defendant to sign indicating receipt of the traffic ticket, we agree that the rule contemplates personal service of the ticket on the defendant. Therefore, the police officer who writes a traffic ticket to an individual who has fled the scene of an accident must personally serve the ticket on that person.
 {¶ 6} We recognize that requiring personal service increases the burden on the police officer who issued the ticket. However, inconvenience does not justify ignoring the personal service requirement. In the instant matter, appellee was not personally served with the traffic ticket by the law enforcement officer who issued the ticket. Accordingly, the trial court lacked personal jurisdiction over appellee.
 {¶ 7} The city also contends that even if the traffic rules require personal service of a traffic ticket, appellee waived any objection to the trial court's exercise of personal jurisdiction over her when she twice appeared before the court and requested continuances. Again, we disagree. A defendant in a traffic case must raise any defenses or objections based on defects in the institution of the proceedings before the entry of a plea. Traf.R. 11(B). Accordingly, a defendant waives any objections to the trial court's exercise of personal jurisdiction by failing to assert such objections at the time the defendant appears in the trial court and enters a not guilty plea. State v. Savage
(1977), 60 Ohio App.2d 394; Cleveland v. Fitos, Cuyahoga App. No. 81404, 2003-Ohio-33, at ¶ 11.
 {¶ 8} In the case at bar, appellee did not enter a plea in her two appearances before the trial court. Rather, she requested two continuances to consult with an attorney. These requests, without more, are not sufficient to constitute a waiver of appellee's objections to the trial court's exercise of personal jurisdiction over her. See State v. Jones (1991),76 Ohio App.3d 604, 606 (finding waiver of personal jurisdiction where defendant requested continuance and signed an entry extending speedy-trial limits); cf. Toledo v. Williams (Jan. 18, 1991), Lucas App. No. L-89-340 (finding that defendant did not waive objections to trial court's personal jurisdiction when defendant did not enter a plea but scheduled a pretrial hearing).
 {¶ 9} Because appellee was not personally served with the traffic ticket and did not waive her objections to the trial court's exercise of personal jurisdiction, the trial court did not acquire personal jurisdiction over her. Accordingly, the trial court did not err when it dismissed the charge against appellee for lack of personal jurisdiction. The city's lone assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
Bowman and Petree, JJ., concur.