[Cite as *Niki D'Atri Ents. v. Hines*, 2014-Ohio-803.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| NIKI D'ATRI ENTERPRISES, | ) | |
| | ) | CASE NO.    13 MA 57 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| JAMES HINES, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas Court,
                                   Case No. 11CV1116.


JUDGMENT:                          Dismissed as Moot.


APPEARANCES:
For Plaintiff-Appellee:            Attorney Christopher Sammarone
                                   20 West Federal Street, Suite M6
                                   Youngstown, Ohio  44503


For Defendant-Appellant:           James Hines, *Pro se*
                                   427 Catalina Avenue
                                   Youngstown, Ohio  44504


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


                                   Dated:  February 21, 2014

PER CURIAM:

¶{1} On January 21, 2014, this appeal was dismissed as untimely. On January 31, 2014, appellant filed a "brief in support of reconsideration and reinstatement" of this appeal. He does not cite App.R. 26(A)(1), which allows for an "application for reconsideration," but we construe his filing as being made under this rule.

¶{2} The standard for reviewing an application for reconsideration is whether the application calls to the attention of the court a legally unsupportable holding or an obvious error in its decision or points to an issue that should have been but was not fully considered. *State v. Himes*, 7th Dist. No. 08MA146, 2010-Ohio-332, ¶ 4, citing *Juhasz v. Costanzo,* 7th Dist. No. 99CA294 (Feb. 7, 2002). An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusion reached and the logic used by an appellate court. *Id.*, citing *Victory White Metal Co. v. N.P. Motel Syst.*, 7th Dist. No. 04MA245, 2005-Ohio-3828, ¶ 2; *Hampton v. Ahmed*, 7th Dist. No. 02BE66, 2005-Ohio-1766, ¶ 16.

¶{3} The entry at issue here clearly was entered in the journal by the clerk. Appellant does not dispute this but makes a misguided argument suggesting that the date the judgment entry was journalized is unknown and that the clerk served a "docketed" time-stamped entry on him rather than the journalized entry. He cites a case about a computerized system that a trial court used in place of a clerk, which system is not relevant here. He cites a case involving electronic submission to a clerk by a trial court at one time with later stamping by a clerk. However, the time-stamp on the entry here is the stamp placed upon the entry by the clerk (not the court).

¶{4} Appellant also relies on statements that the docket is not the journal. This is true. *See State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337, 686 N.E.2d 267 (1997). Yet, the judgment entry here was not only listed in the docket; it was also date-stamped by the clerk on that same day. The time-stamp is the indication that the entry was entered in the clerk's journal. *See id.* (time-stamp as indicator that judgment entry was journalized); *Kaine v. Marion Prison Warden*, 88 Ohio St.3d 454, 455, 727 N.E.2d 907 (2000) (using the date entry was filed as the date it was entered on the

journal by the clerk). *See also State v. Smith*, 8th Dist. No. 99428, 2013-Ohio-315, ¶ 10 (disagreeing with argument that clerk's time-stamping and journalizing are separable acts).

**¶{5}** Appellant also disagrees with our use of the rule that the day of the act from which the time period begins to run shall not be included and the next part of the same rule that when the period is less than seven days, intermediate Saturdays and Sundays shall be excluded. *See* App.R.14(A); Civ.R. 6(A). He believes that these provisions should not be applied to Civ.R. 58(B), which is utilized by App.R. 4(A).

**¶{6}** However, both App.R. 14(A) and Civ.R. 6(A) begin with the statement: "In computing any period of time prescribed or allowed by these rules * * *." We explained our decision in a full dismissal opinion with analysis of the rules and citations to other pertinent cases. Our decision could not be described as legally unsupportable, and we find no obvious error. Nor is there an issue that should have been addressed but was not.

**¶{7}** In accordance, this request for reconsideration is denied.

Vukovich, J., concurs.
Waite, J., concurs.
DeGenaro, P.J., concurs.