[Cite as *State v. Lyons*, 2018-Ohio-526.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                        Court of Appeals No. H-17-003

       Appellee                                   Trial Court No. 17TRD01400

v.

John G. Lyons                                   **DECISION AND JUDGMENT**

       Appellant                                  Decided:  February 9, 2018

* * * * *

G. Stuart O'Hara, Jr., Law Director, for appellee.

John G. Lyons, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from the judgment of the Norwalk Municipal Court, following a bench trial, which found appellant, John G. Lyons, guilty of operating a motor vehicle without a seatbelt in violation of R.C. 4513.263(B)(1), a minor misdemeanor.  For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On March 20, 2017, appellant was travelling northbound on State Route 13 in Greenwich Township, Ohio, when his car was pulled over by State Highway Patrol Sergeant Brian Gockstetter. Gockstetter testified that he was travelling southbound on State Route 13 at approximately 9:52 a.m. when he observed appellant travelling in the opposite direction in excess of the speed limit. Gockstetter testified that his radar confirmed that appellant was travelling 64 miles per hour in a 55 miles per hour speed zone. Gockstetter also testified that as he passed appellant, he specifically noticed that appellant was not wearing a seat belt.

{¶ 3} Thereafter, Gockstetter performed a U-turn, and initiated a traffic stop. Gockstetter testified that, at the time of the traffic stop, appellant was now wearing a seat belt. During the course of the stop, appellant neither confirmed nor denied that he was not wearing a seat belt when Gockstetter passed him. Gockstetter then gave appellant a citation for not wearing his seat belt, and issued a warning for speeding.

{¶ 4} After Gockstetter's testimony, the state rested and appellant took the stand in his own defense. Appellant stated that he was wearing his seat belt the whole time. Appellant explained that he had his jacked zipped up and the collar was folded over the seat belt.

{¶ 5} In rebuttal, Gockstetter testified that as he passed appellant, he could see that the seat belt was not pulled from the pillar mount to appellant's shoulder.

{¶ 6} Following the presentation of evidence, the trial court found appellant guilty, and ordered him to pay a fine of $30 plus court costs.

2.

## II. Assignments of Error

{¶ 7} Appellant has timely appealed his conviction, and now asserts three assignments of error for our review:

> I. The trial judge erred in adjudication of issues in a matter when no proper and completed and signed complaint has began (sic) the commencement of an action.

> II. The trial judge erred in practicing law by way of the April 18, 2017, judgment entry, which could be considered an act of treason to this nations people, like party defendant.

> III. The trial judge erred when finding defendant guilty and then sentencing defendant with no reasonable cause and even no probable cause existing.

## III. Analysis

{¶ 8} In his first assignment of error, appellant argues that the ticket he was given was counterfeit because it was on an eight and one-half inches by eleven inches piece of paper, instead of the four and one-quarter inches by nine and three-quarters inches "Ohio Uniform Traffic Ticket." Thus, because the ticket was counterfeit, no valid complaint was before the court. Appellant surmises that Gockstetter was attempting to defraud appellant of $66 when he issued the ticket on March 20, 2017, and pointed out that appellant could pay the ticket online at www.norwalkohpmts.com.

{¶ 9} However, Traf.R. 3(F)(1) provides that a traffic ticket may be produced by computer or other electronic means. Further, "A ticket produced by computer or other

3.

electronic means shall conform in all substantive respects to the 'Ohio Uniform Traffic Ticket' set forth in the Appendix of Forms. The provisions of division (B) of this rule relative to the color and weight of paper, size, and method of binding *shall not* be applicable to a ticket that is produced by computer or other electronic means." (Emphasis added.) Here, the ticket that was produced electronically conformed with the "Ohio Uniform Traffic Ticket," and was not counterfeit.

{¶ 10} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 11} In his second assignment of error, appellant argues that the trial court judge engaged in the practice of law and pretended to be a congressman by trying to make law from the bench when he signed orders that were drafted by the prosecutor and failed to make a litany of assertions. We find appellant's argument to be wholly without merit, and unsupportable in the law.

{¶ 12} Accordingly, appellant's second assignment of error is not well-taken.

{¶ 13} In his third assignment of error, appellant presents two arguments. First, appellant argues that he should not have been pulled over for the secondary violation of failing to wear his seat belt. Indeed, R.C. 4513.263(D) provides that "no law enforcement officer shall cause an operator of an automobile being operated on any street or highway to stop the automobile for the sole purpose of determining whether a violation of division (B) of this section has been or is being committed or for the sole purpose of issuing a ticket, citation, or summons for a violation of that nature." However, Gockstetter testified that he initially observed appellant speeding, which provided him with probable cause to initiate the traffic stop. *See State v. Mays*, 119 Ohio St.3d 406,

4.

2008-Ohio-4539, 894 N.E.2d 1204, ¶ 22 ("[W]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution."). Thus, we reject appellant's first argument.

{¶ 14} Second, appellant essentially argues that the trial court's finding is against the manifest weight of the evidence because he testified that he was in fact wearing his seat belt, and the officer could not have possibly observed his seat belt as they passed each other at a combined speed of over 110 miles per hour.

{¶ 15} When reviewing for manifest weight,

> The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶ 16} Here, we find that this is not the exceptional case in which the evidence weighs heavily against the conviction. Although appellant testified that he was wearing his seat belt, Gockstetter testified that he was not, and the trial court found Gockstetter to

be more credible.  Therefore, we hold that appellant's conviction is not against the manifest weight of the evidence.

{¶ 17} Accordingly, appellant's third assignment of error is not well-taken.

## IV.  Conclusion

{¶ 18} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Norwalk Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                                    JUDGE
Thomas J. Osowik, J.

Christine E. Mayle, P.J.                    _____
CONCUR.                                                     JUDGE

                                                       _____
                                                                    JUDGE