[Cite as *State v. Stuber*, 2018-Ohio-2809.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO. 1-17-38

    v.

MICHAEL W. STUBER,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Lima Municipal Court
Trial Court No. 17TRD04526

Judgment Affirmed

Date of Decision: July 16, 2018

APPEARANCES:

    *Michael W. Stuber,* Appellant

    *John R. Payne* for Appellee

Case No. 1-17-38

**PRESTON, J.**

{¶1} Defendant-appellant, Michael W. Stuber ("Stuber"), pro se, appeals the August 10, 2017 judgment entry of the Lima Municipal Court. We affirm.

{¶2} On May 1, 2017, Stuber was cited for driving under suspension in violation of R.C. 4510.111(A), an unclassified misdemeanor. (Doc. No. 1). On May 12, 2017, Stuber appeared for arraignment and entered a plea of not guilty. (Doc. No. 4).

{¶3} On June 9, 2017, Stuber filed a motion to dismiss the charge arguing that the trial court lacked "jurisdiction in this matter" for a number of reasons. (Doc. No. 5). On June 14, 2017, the trial court denied Stuber's motion to dismiss. (Doc. No. 7).

{¶4} After a bench trial on August 10, 2017, the trial court found Stuber guilty of the charge in the citation. (Doc. No. 9). The trial court imposed a $50 fine plus court costs and assessed two points on his operator's license. (*Id.*).

{¶5} On September 8, 2017, Stuber filed a notice of appeal. (Doc. No. 10). He raises four assignments of error for our review. Because they raise jurisdictional issues, we will begin by addressing Stuber's first and third assignments of error, followed by his second and fourth assignments of error.

**Assignment of Error No. I**

**The Trial Court Judge, Without Justifiable Cause, Failed to Make a Valid Final Appealable Order of Judgment and the State of**

**Ohio/Appellee Failed to insure [sic] that the Judgment Rendered Against the Defendant/Appellant, in Their Favor, was a Valid, Final Appealable Order.**

**{¶6}** In his first assignment of error, Stuber argues that the June 14 and August 10, 2017 judgment entries of the trial court do not constitute final, appealable orders because those entries do "not contain an entry on the journal by the clerk." (Appellant's Brief at 5).

**{¶7}** Courts of appeal in Ohio have appellate jurisdiction over "final appealable orders." Ohio Constitution, Article IV, Section 3(B)(2). "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus. *See also* Crim.R. 32(C). Because it presents a question of law, we review de novo whether a judgment constitutes a final, appealable order. *State v. Robinson*, 9th Dist. Summit No. 26365, 2012-Ohio-3669, ¶ 7. "De novo review is independent, without deference to the lower court's decision." *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27, citing *Ohio Bell Tel. Co. v. Pub. Util. Comm. of Ohio*, 64 Ohio St.3d 145, 147 (1992).

**{¶8}** Stuber contends that the trial court's June 14 and August 10, 2017 judgment entries do not constitute final, appealable orders because those entries

were not entered on the journal by the clerk as required by Crim.R. 32(C). Stuber's argument is erroneous. The entries clearly reflect file stamps indicating journalization. (Doc. Nos. 7, 9). *See Niki D'Arti Ents. v. Hines*, 7th Dist. Mahoning No. 13MA57, 2014-Ohio-803, ¶ 4 ("The time-stamp is the indication that the entry was entered in the clerk's journal."). Moreover, the trial court's clerk's docketing statement reflects that the clerk journalized the entries. (Doc. No. 19).

{¶9} Although interlocutory during the pendency of the case, the trial court's June 14, 2017 entry denying Stuber's motion to dismiss the charge merged into the trial court's August 10, 2017 judgment entry of sentence. *See State v. Eberhardt*, 56 Ohio App.2d 193, 198 (8th Dist.1978) ("Generally speaking, the overruling of a motion to dismiss in a criminal case or a civil case is not considered a final appealable order. Ordinarily, after a motion to dismiss is overruled, the case will proceed to trial and in the event of judgment adverse to the moving party, the trial court's action overruling the motion may become one of the assignments of error on appeal."). *See also State v. Shaffer*, 8th Dist. Cuyahoga No. 87552, 2006-Ohio-5563, ¶ 21 (noting "that it is well-established that an order overruling a motion to dismiss an action is not a final order from which an appeal may be taken" because "an order denying a motion to dismiss does not determine the action, nor does it foreclose the possibility of relief in the future"); *State v. Leece*, 12th Dist. Butler No. CA89-06-084, 1990 WL 49993, *2 (Apr. 23, 1990) ("The denial of a motion

to dismiss an indictment is interlocutory and generally does not constitute a final appealable order."); App.R. 3. As such, the trial court's June 14, 2017 entry is final and subject to appeal with the August 10, 2017 judgment.

{¶10} Further, even though Stuber's statement of his first assignment of error does not state that he is presenting the issue for review, Stuber contends that the trial court erred by notifying him that "'[t]he clerk shall use license forfeiture and registration block as a means to collect unpaid fines and cost[s].'" (Appellant's Brief at 6, quoting Doc. No. 9). Despite Stuber's failure to comply with the rules of appellate procedure, in the interest of justice, we will address his argument. *See State v. Thomas*, 3d Dist. Mercer No. 10-10-17, 2011-Ohio-4337, ¶ 25; App.R. 12 and 16. There is no evidence that the trial court ordered Stuber's operator's license forfeited in this case. Indeed, Stuber admits that his license was forfeited in a previous case. (Appellant's Brief at 3). Furthermore, there is no indication that the trial court's notification to the clerk regarding license forfeiture and registration block have "actually been used as a means to collect fines and costs" in this case. *State v. Ellis*, 3d Dist. Allen No. 1-17-37, 2018-Ohio-898, ¶ 29. Accordingly, because there is no evidence of forfeiture in this case, Stuber's argument is meritless. *Id.*

{¶11} Stuber's first assignment of error is overruled.

**Assignment of Error No. III**

**The Trial Court Lacked Personal Jurisdiction, as well as Subject Matter Jurisdiction in this Matter.**

{¶12} In his third assignment of error, Stuber argues that the trial court lacked subject-matter and personal jurisdiction in this matter because (1) the law enforcement officer failed to sign the citation as required by Traf.R. 3(F)(2) and (E) and (2) the Ohio Bureau of Motor Vehicles ("OBMV") failed to notify him of his license forfeiture.

{¶13} We review de novo the existence of a trial court's subject-matter and personal jurisdiction. *State v. Williams*, 12th Dist. Butler No. CA2014-06-144, 2015-Ohio-1090, ¶ 7; *Columbus v. Ford*, 10th Dist. Franklin No. 04AP-260, 2004-Ohio-5715, ¶ 4. As we stated in Stuber's first assignment of error, de novo review is independent and without deference to the lower court's determination. *Hudson*, 2013-Ohio-647, at ¶ 27, citing *Ohio Bell Tel. Co.*, 64 Ohio St.3d at 147.

{¶14} "Subject-matter jurisdiction involves a court's power to hear a case." *Williams* at ¶ 7. "As such, the issue can never be waived and may be raised at any time." *Id.*, citing *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 10. On the other hand, "[p]ersonal jurisdiction goes to the court's authority to render judgment against a party to an action." *Cleveland v. Kutash*, 8th Dist. Cuyahoga No. 99509, 2013-Ohio-5124, ¶ 11. A court acquires personal jurisdiction over a "defendant when: (1) service of process is completed over the defendant, (2) the

defendant voluntarily appears and submits to the court's jurisdiction, or (3) the defendant involuntarily submits to the court's jurisdiction." *Id.*, citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). "[A] challenge to personal jurisdiction is waivable by the defendant's voluntary submission at an appearance or by entering a plea." *Id.* at ¶ 12, citing *State v. Holbert*, 38 Ohio St.2d 113, 118 (1974).

**{¶15}** "Ohio municipal courts 'are created by statute, R.C. 1901.01, and their subject-matter jurisdiction is also set by statute.'" *State v. Gunnell*, 10th Dist. Franklin No. 13AP-90, 2013-Ohio-3928, ¶ 8, quoting *Mbodji* at ¶ 11. "An Ohio Municipal Court 'has jurisdiction over misdemeanors occurring within its territorial jurisdiction.'" *Id.*, quoting *Mbodji* at ¶ 11, citing R.C.1901.20(A)(1). "The filing of a complaint invokes the jurisdiction of a municipal court." *Id.* at ¶ 12. "An Ohio Uniform Traffic Ticket serves as the complaint and summons." *State v. Matthews*, 2d Dist. Greene No. 2015-CA-73, 2016-Ohio-5055, ¶ 4, citing Traf.R. 3(A).

**{¶16}** Under Traf.R. 3, a municipal court may adopt rules permitting "the use of a ticket that is produced by a computer or other electronic means." Traf.R. 3(F)(1). *See State v. Lyons*, 6th Dist. Huron No. H-17-003, 2018-Ohio-526, ¶ 9. Rule 4.1 of the Lima Municipal Court permits "[t]he use and filing of a ticket/citation that is produced by computer or other electronic means" so long as that electronically produced ticket conforms "in all substantive respects to the Ohio Uniform Traffic Ticket." When an electronically produced ticket is issued and a

law enforcement officer "electronically affixes the officer's signature" to the ticket, that electronically produced signature "shall be considered to have certified the ticket and shall have the same rights, responsibilities, and liabilities as with all other tickets issued * * *." Traf.R. 3(F)(2).

{¶17} The ticket issued against Stuber and filed with the trial court was electronically produced and reflects the electronically produced signature of the issuing law enforcement officer. As such, the ticket conforms with the Ohio Uniform Traffic Ticket and is a valid complaint. *See Lyons* at ¶ 9. Moreover, the electronically produced ticket cited Stuber for violating R.C. 4510.111(A)—a misdemeanor offense—and alleged that the offense occurred in the city of Lima. *See Gunnell* at ¶ 9. Therefore, the trial court had subject-matter jurisdiction over the offense. *See id.*

{¶18} Similarly, the trial court had personal jurisdiction over Stuber. *Id.* at ¶ 10, citing *State v. Yoder*, 6th Dist. Fulton No. F-94-020, 1995 WL 358545, *1 (June 16, 1995) and Traf.R. 3(A). However, as the State points out, Stuber failed to raise the issue of personal jurisdiction prior to entering his initial plea. *Compare id.* ("Further, as noted by plaintiff-appellee, the State of Ohio, appellant did not raise the issue of lack of personal jurisdiction until after he entered his initial plea (of not guilty on December 7, 2012)."). As we noted above, "[u]nder Ohio law, '[a] defendant in a traffic case must raise any defenses or objections based on defects in

the institution of the proceedings before the entry of a plea.'" *Id.*, quoting *Ford*, 2004-Ohio-5715, at ¶ 7, citing Traf.R. 11(B). Because Stuber failed to assert any objection to the trial court's personal jurisdiction over him prior to entering his plea, Stuber waived *any* personal-jurisdiction argument. *Id.* ("Thus, 'a defendant waives any objections to the trial court's exercise of personal jurisdiction by failing to assert such objections at the time the defendant appears in the trial court and enters a not guilty plea.'"), quoting *Ford* at ¶ 7. For these reasons, Stuber's jurisdictional arguments regarding the validity of the citation are without merit.

{¶19} Turning to Stuber's jurisdictional argument that the trial court lacked personal and subject-matter jurisdiction because the OBMV failed to notify him of his license forfeiture, we reject Stuber's argument. Whether Stuber was properly notified that his license was suspended does not affect the personal or subject-matter jurisdiction of the trial court. Stated another way, whether Stuber was properly notified that his license was suspended goes to the merits of the case involving Stuber, not whether the trial court had the ability to hear the merits of the case against Stuber. Moreover, even if Stuber's argument affected the personal jurisdiction of the trial court, Stuber, as we determined above, waived any personal-jurisdiction argument when he voluntarily appeared and entered a plea before submitting any personal-jurisdiction objection.

{¶20} Stuber's third assignment of error is overruled.

## Assignment of Error No. II

**The Trial Court Judge and Counsel for the State of Ohio/Appellee Erred as a Matter of Law and Abused it"s [sic] Discretion by Not Avoiding Impropriety and the Appearance of Impropriety in Their Respective Capacities in the Proceedings of the Court.**

{¶21} In his second assignment of error, Stuber argues that he was prejudiced by impropriety, or the appearance of impropriety, because counsel for the State and the trial court judge share identical surnames—Smith. In presenting his argument, Stuber alleges that counsel for the State and the trial court judge violated the Rules of Professional Conduct.

{¶22} Not only is Smith a common surname, Judge Smith, who is from outside of the area, was sitting by assignment in the Lima Municipal Court. Notwithstanding, "[w]e have no authority to address claimed violations of the Rules of Professional Conduct—that authority rests solely with the Ohio Supreme Court." *State v. Montgomery*, 8th Dist. Cuyahoga No. 99452, 2013-Ohio-4193, ¶ 36, citing *State ex rel. Buck v. Maloney*, 102 Ohio St.3d 250, 2004-Ohio-2590.

{¶23} Accordingly, Stuber's second assignment of error is overruled.

## Assignment of Error No. IV

**The Judgment of the Trial Court is Not Sustained by the Evidence.**

{¶24} In his fourth assignment of error, Stuber contends that his driving-under-suspension conviction is based on insufficient evidence.

**{¶25}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

**{¶26}** R.C. 4510.111 sets forth the offense of driving under suspension and provides, in pertinent part, "No person shall operate any motor vehicle upon a

highway * * * in this state whose driver's * * * license has been suspended * * * pursuant to section * * * 4510.22 * * * of the Revised Code."[1]  R.C. 4510.111(A).

> [A] copy of the law enforcement automated data system report or a noncertified copy of a record of the registrar of motor vehicles that shows the name, date of birth, and social security number of a person charged with a violation of division (A) of this section may be admitted into evidence as prima-facie evidence that the license of the person was under suspension at the time of the alleged violation of division (A) of this section.

R.C. 4510.111(B).

**{¶27}** At trial, the State offered the testimony of Ohio State Highway Patrol Trooper Brandon Schreiber ("Trooper Schreiber"), who testified that he initiated a stop of the vehicle operated by Stuber on April 28, 2017 for "traveling * * * with only one working headlight."  (Aug. 10, 2017 Tr. at 8-10).  Trooper Schreiber identified Stuber in court as the person operating the vehicle that he stopped on April 28, 2017.  (*Id.* at 11).  Trooper Schreiber testified that, after he initiated the traffic stop, he learned through a Law-Enforcement-Automated-Data-System ("LEADS") search that Stuber's license was suspended.  (*Id.* at 11-12).  Trooper Schreiber

---

[1] Under R.C. 4510.22, a trial court may declare the forfeiture of a person's license when that person "is found guilty of [a specified] violation and fails within the time allowed by the court to pay the fine imposed by the court * * *."  R.C. 4510.22(A).

-12-

identified State's Exhibit A as a copy of Stuber's OBMV certified driving record.[2]
(*Id.* at 12). State's Exhibit A reflected that Stuber's license was suspended on
February 23, 2017. (Aug. 10, 2017 Tr. at 13). That exhibit also reflected that a
letter was sent to Stuber on March 8, 2017 informing him that his license was
suspended on February 23, 2017. (*Id.*).

{¶28} At the conclusion of Trooper Schreiber's testimony, the State moved
to admit its exhibit, which was admitted, and rested. At that time, Stuber did not
make a Crim.R. 29 motion for acquittal. He similarly did not make a Crim.R. 29
motion for acquittal at the close of evidence. Accordingly, Stuber waived his
challenge to the sufficiency of the evidence for purposes of appeal, absent plain
error. *State v. Smith*, 3d Dist. Hardin No. 6-14-14, 2015-Ohio-2977, ¶ 43, citing
*State v. LeMasters*, 11th Dist. Lake No. 2007-L-129, 2008-Ohio-2139, ¶ 17, citing
*State v. McCrory*, 11th Dist. Portage No. 2006-P-0017, 2006-Ohio-6348, ¶ 39.

{¶29} "However, '[w]hether a sufficiency of the evidence argument is
reviewed under a prejudicial error standard or under a plain error standard is
academic.'" *State v. Hurley*, 3d Dist. Hardin No. 6-13-02, 2014-Ohio-2716, ¶ 38,
citing *Perrysburg v. Miller*, 153 Ohio App.3d 665, 2003-Ohio-4221, ¶ 57 (6th Dist.),
quoting *State v. Brown*, 2d Dist. Montgomery No. 17891, 2000 WL 966161, *8

---

[2] Because State's Exhibit A was omitted from the record by error or accident, the trial court ordered that a supplemental record be certified, filed, and transmitted as provided by App.R. 9(E). As such, on June 13, 2018, the trial court filed an entry providing a statement of the case, which addresses the missing exhibit.

(July 14, 2000). "Regardless of the standard used, 'a conviction based on legally insufficient evidence constitutes a denial of due process, and constitutes a manifest injustice.'" *Id.*, quoting *Thompkins*, 78 Ohio St.3d at 386-387. Accordingly, we will proceed to determine whether the State presented sufficient evidence to support Stuber's conviction. *See id. See also State v. Velez*, 3d Dist. Putnam No. 12-13-10, 2014-Ohio-1788, ¶ 68, citing *State v. Wimmer*, 3d Dist. Marion No. 9-98-46, 1999 WL 355190, *1 (Mar. 26, 1999).

{¶30} The State introduced as evidence a copy of Stuber's record of the registrar of the OBMV indicating that Stuber's license was suspended on February 23, 2017, and had not been reinstated by the date of the offense. (Aug. 10, 2017 Tr. at 12-13). Trooper Schreiber stopped the vehicle that Stuber was operating on April 28, 2017. As such, the State presented prima-facie evidence that Stuber was under suspension at the time of his violation of R.C. 4510.111(A). *See* R.C. 4510.111(B). That record further indicates that notice of Stuber's license suspension was mailed to him on March 8, 2017.[3] (Aug. 10, 2017 Tr. at 13). Stuber failed to offer any evidence to rebut the State's prima-facie evidence. *See* R.C. 4510.111(B). Rather, Stuber denied receiving notice of his license suspension. (*See* Aug. 10, 2017 Tr. at 29, 31, 34-36). Stuber's self-serving denials that he received notice of his license

---

[3] Under Ohio Adm.Code 4501:1-10-01, "the registrar of motor vehicles shall give written notice of any order revoking, canceling, or suspending a driver's license * * * by regular mail sent to the person at the person's last known address * * *." Ohio Adm.Code 4501:1-10-01(A). *See also* Ohio Adm.Code 4501:1-10-02.

suspension are not sufficient to rebut R.C. 4510.111(A)'s statutory presumption. Accordingly, we conclude that Stuber's driving-under-suspension conviction under R.C. 4510.111(A) is based on sufficient evidence.

**{¶31}** Stuber's fourth assignment of error is overruled.

**{¶32}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**